■ LINDA DUFFY, as Administratrix of the Estate of JOHN P. DUFFY, Deceased, Respondent, v COUNTY OF CHAUTAUQUA, Appellant. (Action No. 1.) JAMES EVANS et al., Respondents, v COUNTY OF CHAUTAUQUA, Appellant and Third-Party Plaintiff, et al., Third-Party Defendants. (Action No. 2.) WILLIAM A. STUART et al., Respondents, v COUNTY OF CHAUTAUQUA, Appellant and Third-Party Plaintiff, et al., Third-Party Defendants. (Action No. 3.) [616 NYS2d 301] —Order affirmed with costs. All concur except Lawton, J., who dissents and votes to reverse in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. The sole proximate cause of the bridge collapse is the conduct of the third-party defendant G & J Construction Corporation's president and plaintiff's decedent in driving a 17-ton crane and a four-ton truck, respectively, over a one-lane bridge limited to vehicles weighing less than eight tons. Given those circumstances, i.e., 21 tons being placed on an eight-ton bridge, the County of Chautauqua (County) cannot be held liable for the collapse of the bridge.

Plaintiff's contention that the bridge was not safe for vehicles under eight tons is not relevant. That contention would be relevant only if the bridge collapsed when subjected to vehicles weighing eight tons or less.

Consequently, I would reverse the order appealed from and grant the County's motion for summary judgment. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J. —Summary Judgment.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.